**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DENNIS NICHOLSON,
    *Plaintiff*,

v.

RAYMOND EDWIN MABUS, JR.,
    *Defendant*.

Civil Action No. 16-2006 (CKK)

**MEMORANDUM OPINION**
(June 27, 2017)

    Presently before the Court is Defendant's [6] Motion to Dismiss or, in the Alternative, for Partial Summary Judgment. Plaintiff, proceeding *pro se*, brings claims against Defendant Mabus in his official capacity as Secretary of the Navy for gender and age discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* Plaintiff's action is predicated on him allegedly being denied, because of his gender and age, an "opportunity to compete for a full-time position as a Custodial Worker . . . ." Compl. at 2. That position was allegedly filled "with a younger female with less training and experience than [Plaintiff]." *Id.* The complaint also appears to contain a putative claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), which has not been challenged by Defendant in the pending motion.

    The Court does not address the merits of Plaintiff's age and gender discrimination claims, as they must be dismissed pursuant to binding precedent of the Unites States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). Plaintiff pursued an administrative appeal with the Equal Employment Opportunity Commission ("EEOC"), and was consequently required by statute to wait 180 days before filing suit with this Court.

1

Because Plaintiff waited less than the 180 days, and because no equitable factors weigh in favor of excusing this premature filing, Plaintiff's age and gender discrimination claims must be dismissed. Accordingly, upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court **GRANTS** Defendant's [6] Motion to Dismiss, and Plaintiff's age and gender discrimination claims are **DISMISSED WITHOUT PREJUDICE**.

## I. LEGAL STANDARD

Defendant, *inter alia*, moves to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the

---

[1] The Court's consideration has focused on the following documents:

- Complaint, ECF No. 1;
- Def.'s Mot. to Dismiss or, in the Alternative, for Partial Summ. J., ECF No. 6;
- Pl.'s Resp. to Mot. to Dismiss, ECF No. 9.

The Court has received and reviewed the additional evidence of administrative proceedings submitted by Plaintiff, ECF No. 11, but these do not have bearing on the pending motion. In addition, the Court notes that Defendant has not filed a reply memorandum. *See* Minute Order, Feb. 15, 2017.

complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). In particular, on a motion to dismiss, the Court "may look to [the] record of another proceeding to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted." *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (internal quotation marks omitted).

Accordingly, for purposes of the pending motion, the Court takes judicial notice of the Department of the Navy's Final Agency Decision, ECF No. 6-2, at 158 ("FAD"), and a letter issued by the EEOC to Plaintiff stating the docket number of his appeal, and the date it was filed, ECF No. 6-2, at 167 ("EEOC Letter"). *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 28 n.2 (D.D.C. 2016) ("Final Agency Decision . . . [is] official, public document[] subject to judicial notice"); *Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 81 (D.D.C. 2013) (finding it "appropriate to take judicial notice of the facts contained in the . . . EEOC letters as they 'can be accurately and readily determined' from a public agency proceeding, the accuracy of which 'cannot reasonably be questioned'" (citing Fed. R. Evid. 201(b)(2))). Judicial notice is taken solely for purposes of ascertaining the date the FAD was issued (August 11, 2016), the claims addressed in the FAD, and the date Plaintiff filed an appeal of the FAD with the EEOC (August 18, 2016).

## II. DISCUSSION

As noted, the Court may take judicial notice of the FAD and when it was filed. Review of the FAD indicates that Plaintiff sought administrative review of the age and gender discrimination claims at issue in this action. ECF No. 6-2, at 158. The Navy denied those claims in the FAD on August 11, 2016, and Plaintiff chose to pursue an appeal of the FAD with the EEOC on August 18, 2016. *Id*. at 167. As a result of this decision, Plaintiff was required by statute to "wait 180 days, absent final action by the EEOC, before filing a lawsuit in the federal district court . . . ." *Murthy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010) (citing 42 U.S.C. § 2000e-16(c)). In *Murthy*, the D.C. Circuit established that the 180-day waiting period found in section 2000e-16(c) is mandatory; in other words, if a plaintiff chooses to pursue an EEOC appeal, he *must* wait 180 days before filing suit in federal court, unless the EEOC issues a decision before the 180-day period expires.

Nonetheless, the waiting period is not jurisdictional, and the Court may consider whether equitable factors excuse the failure to wait. *See Martini v. Fed. Nat. Mortg. Ass'n*, 178 F.3d 1336, 1348 (D.C. Cir. 1999) (finding that the analogous "180–day waiting period [of section 2000e–5(b)] is not jurisdictional"); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). Here, Plaintiff plainly failed to wait 180 days after filing his appeal with the EEOC before bringing suit in federal court—the case was filed on October 7, 2016, only 50 days after Plaintiff lodged an appeal with the EEOC—and no equitable factors excusing that failure are apparent from the Complaint, the pleadings, or the record as a whole for purposes of the pending motion.

Accordingly, Plaintiff's age and gender discrimination claims must be dismissed. *See Maybank v. Speer*, No. CV 16-1681 (RDM), 2017 WL 1750253, at *2 (D.D.C. May 3, 2017) (dismissing discrimination claims against the United States Army for failure to wait 180 days after filing EEOC appeal).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's [6] Motion to Dismiss. Plaintiff's age and gender discrimination claims are **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 27, 2017

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge