# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENNIS NICHOLSON

       Plaintiff,

       v.

RICHARD V. SPENCER, SECRETARY,
DEPARTMENT OF THE NAVY[1]

       Defendant.

Case No. 1:16-cv-2006 (TNM)

## MEMORANDUM OPINION

Plaintiff Dennis Nicholson, proceeding pro se, has brought an action against the Secretary

of the Navy in his official capacity, with claims of employment discrimination and a violation of

the Health Insurance Portability and Accountability Act ("HIPAA"). Mr. Nicholson's

discrimination claims have already been dismissed. Presently before the Court is the

Defendant's Supplemental Motion to Dismiss the HIPAA claim. Because HIPAA provides no

private right of action, the Defendant's motion will be granted, and the HIPAA claim dismissed.

Construing Plaintiff's recent filing as a motion for reconsideration, I also conclude that

reconsideration of the previous opinion is not warranted.

## I. Background

Plaintiff Dennis Nicholson, an employee of the U.S. Department of the Navy, brought

gender and age discrimination claims against the Secretary of the Navy in his official capacity

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Secretary of the Navy has been substituted for
Raymond Edwin Mabus, Jr., his predecessor.

Nicholson alleged that he was denied an "opportunity to compete" for a Custodial Worker position because of his gender and age. Compl. 2. These claims have been previously adjudicated by Judge Colleen Kollar-Kotelly.[2] *Nicholson v. Mabus,* 257 F. Supp. 3d 6, 8 (D.D.C. 2017). Judge Kollar-Kotelly concluded that because Nicholson did not wait 180 days before filing suit after his administrative appeals with the Equal Employment Opportunity Commission ("EEOC") as required,[3] his discrimination claims had to be dismissed. *Id.*

An apparent claim under HIPAA, 42 U.S.C. §§ 1320d *et seq.*, remains. Compl. 2. Mr. Nicholson alleges that after requesting medical leave, his supervisor "instructed him to provide specific details from [his] doctor regarding [his] medical condition," which allegedly "violated" Mr. Nicholson's "HIPAA rights." *Id.* Defendant now moves to dismiss this claim. Def.'s Supp. Mot. To Dismiss, ECF No. 14 ("Supp. Mot. Dismiss"). In response, the Plaintiff provided affidavits seemingly aimed at proving the substance of his discrimination allegations. Pl.'s Resp. to Def.'s Mot. To Dismiss, ECF No. 16 (hereinafter "Mot. Reconsider"). The Court construes this filing as a motion for reconsideration.

## II. Legal Standards

A party may move to dismiss a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pled factual allegations.

---

[2] This case was reassigned to me on November 3, 2017.

[3] The Court further found there were no equitable factors that excused a premature filing. *Id.*

*Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015). "In determining

whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the

complaint, any documents either attached to or incorporated in the complaint and matters of

which [the court] may take judicial notice." *Hurd v. District of Columbia Gov't*, 864 F.3d 671,

678 (D.C. Cir. 2017) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624

(D.C. Cir. 1997)).

The filings of a pro se plaintiff are held "to less stringent standards than formal pleadings

drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court can

construe a pro se filing as a motion to reconsider. *Potts v. Howard University Hosp.*, 623 F.

Supp. 2d 68 (D.D.C. 2009). Under Federal Rule of Civil Procedure 54(b),[4] "any order . . . that

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . .

may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities." This rule "recognizes [a court's] inherent power to reconsider an

interlocutory order 'as justice requires.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*,

630 F.3d 217, 227 (D.C. Cir. 2011) (citation omitted). "While the phrase, 'as justice requires,' is

somewhat abstract, it is a shorthand for more concrete considerations." *Singh v. George

Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D.

266, 272 (D.D.C. 2004)). Those considerations include "whether the court 'patently'

misunderstood a party, made a decision beyond the adversarial issues presented to the court,

made an error in failing to consider controlling decisions or data, or whether a controlling or

---

[4] Here, the proper standard is not "Rule 60(b)(6) [which] applies only to final judgements or
orders, [but instead is] Rule 54(b) [which] applies to interlocutory orders that adjudicate fewer
than all the claims in a given case," since the previous decision did not adjudicate the remaining
HIPAA claim. *See Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003)

significant change in the law or facts has occurred since the submission of the issue to the Court." *Youssef v. Holder*, 62 F. Supp. 3d 96, 98 (D.D.C. 2014) (citation omitted).

## III. Analysis

### A. There is no private right of action under HIPAA.

The law is fatal to the Plaintiff's HIPAA claim, "because no private right of action exists under [] HIPAA." *Johnson v. Quander*, 370 F. Supp. 2d 79, 100 (D.D.C. 2005), *aff'd*, 440 F.3d 489 (D.C. Cir. 2006). No federal court has concluded otherwise. *See Hudes v. Aetna Life Ins. Co.*, 806 F.Supp.2d 180, 195 (D.D.C. 2011) (citing *Adams v. Eureka Fire Protection District*, 352 Fed.Appx. 137, 138–39 (8th Cir.2009)); *see also Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006) ("Every district court that has considered this issue is in agreement that the statute does not support a private right of action.") (collecting cases). While the D.C. Circuit has not explicitly confirmed this interpretation, it has come very close. In affirming the district court's decision in *Johnson*, the Circuit stated: "We have considered Johnson's other arguments—which include claims under . . . HIPAA . . . and conclude that they are without merit and do not warrant separate discussion." *Johnson*, 440 F.3d at 503.

I see no reason to reach a different conclusion. "Instead of creating a private right of action, HIPAA explicitly provides for the imposition of 'penalt[ies] for failure to comply with [HIPAA's] requirements and standards' by the Secretary of Health and Human Services and, under certain circumstances, state attorneys general. *Hudes*, 806 F. Supp. 2d at 196 (quoting 42 U.S.C. § 1320d–5). The statute thus "specifically indicates that the Secretary of HHS shall pursue the action against an alleged offender, not a private individual." *Logan v. Dep't of Veterans Affairs*, 357 F.Supp.2d 149, 155 (D.D.C. 2004) (citation omitted). Accordingly, the HIPAA claim must be dismissed.

**B. There is no reason based on the law, the facts, or otherwise why the previous judgment should be reconsidered.**

In response to the Supplemental Motion to Dismiss, the Plaintiff filed affidavits, apparently aimed at providing evidentiary support for his dismissed discrimination arguments. I will construe this filing liberally, as a motion to reconsider. *See Cheeks v. Fort Myer Constr.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, the Plaintiff has failed to demonstrate any need for reconsideration.

First, no intervening change in any relevant law has occurred. The original dismissal was premised on the statutory requirement that a plaintiff who has filed charges with the EEOC must "wait 180 days, absent final action by the EEOC, before filing a lawsuit in the federal district court." *Murthy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010) (citing 42 U.S.C. § 2000e-16(c)); *Nicholson*, 257 F. Supp. 3d at 8. That requirement is still enshrined in the statute, and *Murthy* is still good law. *See Maybank v. Speer*, 251 F. Supp. 3d 204, 207 (D.D.C. 2017) (applying *Murthy* and 42 U.S.C. § 2000e-16(c)).

Second, only the discovery of *new* evidence *not previously* available may be reason for reconsideration. *Parker*, 221 F. Supp. 3d at 2. Even if the Plaintiff's evidence qualified,[5] substantive evidence of discrimination has no bearing on whether Mr. Nicholson in fact waited 180 days before filing a suit in federal district court, or whether there were equitable factors explaining why he was not able to do so. *See United States v. Dynamic Visions, Inc.*, 321 F.R.D. 14, 18 (D.D.C. 2017) (supplemental evidence, even if admitted, would not support the argument for reconsideration). No newly-discovered evidence has been presented to suggest that Judge Kollar-Kotelly's legal conclusion should not stand.

---

[5] All of the evidence presented in the motion for reconsideration comes from 2014, but the Plaintiff's complaint was filed on October 7, 2016.

Mr. Nicholson has pointed to no clear error in this case; neither has there been a misunderstanding of the parties nor a decision beyond the adversarial issues presented to the Court. *See Youssef v. Holder*, 62 F.Supp.3d 96, 98 (D.D.C. 2014).

Accordingly, the motion to reconsider must be denied.

## IV. Conclusion

For the foregoing reasons, the Defendant's Supplemental Motion to Dismiss will be granted, and the HIPAA claim will be dismissed with prejudice. Additionally, the Plaintiff's Motion to Reconsider will be denied. A separate order will issue.

Dated: March 30, 2018

TREVOR N. MCFADDEN
United States District Judge